IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PAVONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:15-cv-01538 |
| | ) | |
| Vs. | ) | |
| | ) | Assigned Judge |
| THE LAW OFFICES OF ANTHONY | ) | Hon. Matthew F. Kennelly |
| MANCINI, LTD., an Illinois Corporation, | ) | |
| | ) | Assigned Magistrate Judge |
| Defendant. | ) | Hon. Michael T. Mason |

**STATEMENT OF MATERIAL FACTS**
**WHICH DEFENDANT CONTENDS ARE NOT IN ISSUE PURSUANT TO LR 56.1(a)(3)**

The Defendant, THE LAW OFFICES OF ANTHONY MANCINI, LTD., pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 hereby asserts that the following are the uncontested facts for the purpose of Defendants motion for summary judgment.

1. The Plaintiff, ANTONIO PAVONE, is an individual who resides in the Northern District of Illinois. (Exhibit "A" – First Amended Complaint; paragraph 6)

2. The Plaintiff, KAREN PAVONE, is an individual who resides in the Northern District of Illinois. (Exhibit "A" – First Amended Complaint; paragraph 6)

3. The Plaintiff, M.P., is a minor child who resides in the Northern District of Illinois and this action is brought on his behalf by his parents ANTONIO & KAREN PAVONE. (Exhibit "A" – First Amended Complaint; paragraph 6)

4. The Defendant, THE LAW OFFICES OF ANTHONY MANCINI, LTD., is an Illinois corporation with its principal offices in the Northern District of Illinois. (Exhibit "B" – Answer to First Amended Complaint; paragraph 7)

5. That Anthony Mancini is an attorney licensed to practice law in the State of Illinois and is the President of THE LAW OFFICES OF ANTHONY MANCINI, LTD. (Exhibit "C" – ARDC Records)

6. The action in question arises under the Driver's Privacy Protection Act 18 U.S.C. §2721, et. seq. (Exhibit "B" - Answer to First Amended Complaint; paragraph 1)

7. That this Court has subject matter jurisdiction based upon 18 U.S.C. §2724(a) and 28 U.S.C. §1331 and 1337 as the cause of action arises under the laws of the United States. (Exhibit "B" - Answer to First Amended Complaint; paragraph 4)

8. That venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as the Plaintiffs reside in this District and the Defendant does business in this District. (Exhibit "B" - Answer to First Amended Complaint; paragraph 5)

9. That on or about January 15, 2015, ANTONIO PAVONE was driving an automobile that was in a traffic accident in Schaumburg, Illinois. (Exhibit "B" – Answer to First Amended Complaint; paragraph 8)

10. That at the date and time of the traffic accident KAREN PAVONE and M.P. were occupants in the motor vehicle driven by ANTONIO PAVONE. (Exhibit "B" – Answer to First Amended Complaint; paragraph 8)

11. That shortly after the accident a solicitation was mailed in a sealed envelope from the LAW OFFICES OF ANTHONY MANCINI, LTD. to ANTONIO PAVONE. Along with the solicitation was a copy of an Illinois Traffic Crash Report that had been prepared by the Schaumburg Police Department. (Exhibit "B" – Answer to First Amended Complaint; paragraphs 20, 21)

12. That M.P. is a minor child, presumably under the age of 8 as shown by his being seated in a child restraining seat and thus, has no information on file with the DMV. (Exhibit "A" – Amended Complaint's Attachment "A")

13. That all of the information in the Motor Vehicle Crash Report came from ANTONIO PAVONE, KAREN PAVONE or the driver's license voluntarily given by ANTONIO PAVONE to the Schaumburg Police Officer. (Conclusion based upon Exhibit "A" – Amended Complaint and 625 ILCS 5/11-407 and 408)

14. That no agent of THE LAW OFFICES OF ANTHONY MANCINI, LTD., obtained the Illinois Traffic Crash Report from the Secretary of State. (Exhibit "D" – Affidavit of Anthony Mancini)

15. That the Schaumburg Police were called to investigate the accident involving ANTONIO PAVONE and he voluntarily provided personal information including his driver's license. (Exhibit "A" – Amended Complaint; paragraph 8)

16. That pursuant to statute, the Schaumburg Police prepared a written Traffic Crash Report and filed same with the Administrator. (Exhibit "B" – Answer to First Amended Complaint; paragraph 8)

17. That a copy of the Illinois Traffic Crash Report filed with the Administrator was forwarded by the LAW OFFICES OF ANTHONY MANCINI, LTD. to ANTONIO PAVONE. (Exhibit "D" – Affidavit of Anthony Mancini)

18. That the "Administrator" as defined by Illinois law is not the Department of Motor Vehicles or the Secretary of State. 625 ILCS 5/11-100

19. That disclosure of an Illinois Traffic Crash Report is not a violation of the Driver's Privacy Protection Act. Pavone v. Law Offices of Anthony Mancini, Ltd., No. 15 C 1538, 2015 WL 4554844 at *1 (N.D. Ill. July 28, 2015)

20. That sending an individual a report of an accident, which contains his information is not disclosure. (Definition of Disclosure per Black's Law Dictionary)

21. That none of the information on the Illinois Traffic Crash Report which references KAREN PAVONE came from the Department of Motor Vehicles or the Secretary of State. (Exhibit "A" – Amended Complaint; Attachment "A" thereto)

22. That none of the information on the Illinois Traffic Crash Report which references M.P. come from the Department of Motor Vehicles or the Illinois Secretary of State. (Exhibit "A" – Amended Complaint; Attachment "A" thereto)

23. That any information on the Illinois Traffic Crash Report filled out by the Schaumburg Police as it references ANTONIO PAVONE, was voluntarily given to the Schaumburg Police by ANTONIO PAVONE. (Exhibit "A" – Amended Complaint; 625 ILCS 5/6-101 and 5/6-111)

24. That KAREN PAVONE has suffered no actual injury. (Exhibit "A" – Amended Complaint; paragraphs 23 and 24)

25. That M.P. has suffered no actual injury. (Exhibit "A" – Amended Complaint; paragraphs 23 and 24)

26. That ANTONIO PAVONE has suffered no actual injury. (Exhibit "A" – Amended Complaint; paragraphs 23 and 24)

27. That the D.P.P.A. has an exception which states in pertinent part:

> "For any other use specifically authorized under the laws the State that holds the record if such case is related to the operation of a motor vehicle or public safety." (18 U.S.C. §2721 et seq.)

28. That the Plaintiffs have no information where Defendant obtained the Illinois Traffic Crash Report as shown by their alternative pleading in paragraph 13 of their Amended Complaint. (Exhibit "A" – Amended Complaint)

        Respectfully submitted,

        /s/George E. Becker
        George E. Becker
        George E. Becker P.C.
        33 N. LaSalle Street – Suite 3300
        Chicago, Illinois 60602
        (312) 236-2803
        george_becker@sbcglobal.net
        Attorney No. 6180685