# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO PAVONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE LAW OFFICES OF ANTHONY ) <br> MANCINI, LTD., ) <br> ) <br> Defendant. ) | Case No. 15 C 1538 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Antonio Pavone sued the Law Offices of Anthony Mancini, Ltd., alleging that it violated section 2722 of the Driver's Privacy Protection Act (DPPA), 18 U.S.C. § 2722(a). Following discovery, Mancini moved for summary judgment. The Court largely denied the motion but narrowed Pavone's suit to the claim that Mancini obtained and used certain personal information from Pavone's driver's license, which is a motor vehicle record under the DPPA.

Mancini argued in his summary judgment motion that Pavone had failed to show that he has standing to sue as required by Article III of the United States Constitution. The Court ordered further briefing on this point and now concludes that Mancini is not entitled to summary judgment on the issue of standing. But because Mancini's factual challenge to standing cannot be determined with finality on the present record, an evidentiary hearing will be required.

**Discussion**

The DPPA provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the statute] shall be liable to the individual to whom the information pertains . . ." 18 U.S.C. § 2724(a), (b). The statute permits recovery of actual damages or liquidated damages of $2,500, whichever is greater. *Id.* § 2724(b)(1).

Pavone was in an automobile accident. He alleges that Mancini violated the DPPA by obtaining a crash report about the accident that contained Pavone's driver's license information and then using that information to send him a letter (which included the report itself) soliciting him to hire Mancini to file a lawsuit regarding the accident. *Pavone v. Law Ofcs. of Anthony Mancini, Ltd.*, No. 15 C 1538, 2016 WL 4678311, at *1 (N.D. Ill. Sept. 7, 2016). In denying Mancini's motion for summary judgment, the Court concluded that Pavone provided evidence sufficient for a reasonable jury to find that Mancini knowingly obtained and used Pavone's driver's license number for a purpose not permitted by the DPPA. *Id.* at *6.

Mancini contends that Pavone's claim does not involve the sort of injury that confers standing to sue under Article III. To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (internal citations omitted).

Mancini argues Pavone lacks standing because his alleged injuries are only procedural and not sufficiently concrete. In *Spokeo*, the Supreme Court concluded that

to have standing under Article III, a plaintiff must show that he has suffered an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548. The Court explained that both tangible and intangible harms can satisfy the concreteness requirement; though tangible injuries are "perhaps easier to recognize" as concrete injuries, "intangible injuries can nevertheless be concrete." *Id.* at 1549-50. The analysis of injury in fact should draw on "both history and the judgment of Congress . . . ." *Id.* at 1549. History plays a role because "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* Congress's judgment plays a role because "Congress is well positioned to identify intangible harms that meet minimum Article III requirements" and "has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Id.* (internal quotation marks and citations omitted).

Pavone asserts the type of injury that Congress sought to prevent and redress in enacting the DPPA—invasion of personal privacy. The purpose of the DPPA is to protect a person's "right to privacy in motor vehicle records." *Maracich v. Spears*, 133 S. Ct. 2191, 2193 (2013); *see also Senne v. Vill. of Palatine*, 695 F.3d 597, 607 (7th Cir. 2012) ("The intent of this legislation is simple—to protect the personal privacy and safety of all American licensed drivers.") (quoting 140 Cong. Rec. H2526 (daily ed. Apr. 20, 1994)). Courts have traditionally recognized that a violation of the right to privacy results in the sort of harm that provides an appropriate basis for a lawsuit. As one court noted in a DPPA case, "the type of harm at issue—the viewing of private information

3

without lawful authority—has a close relationship to invasion of the right to privacy, a harm that has long provided a basis for tort actions in the English and American courts." *Potocnik v. Carlson*, No. 13-CV-2093, 2016 WL 3919950, at *2 (D. Minn. July 15, 2016). *See also, e.g., Engebretson v. Aitkin Cty.*, No. CV 14-1435, 2016 WL 5400363, at *4 (D. Minn. Sept. 26, 2016). Pavone testified that the realization that Mancini had obtained and used private and personal information about him caused him emotional distress. *See* Pl.'s Resp. to Defs.' Stat. of Undisputed Material Facts ¶ 26.

The Court concludes that an injury suffered by an individual that results from obtaining and using his private information in violation of the DPPA—the type of injury that Pavone claims to have suffered—is sufficiently concrete and particularized to confer Article III standing. This is also the type of injury that can be redressed by a favorable judicial decision in Pavone's case, namely by an award of damages. Because Pavone has provided evidence sufficient to permit a finding that Mancini's violation of the DPPA caused him this sort of injury, Mancini is not entitled to summary judgment on this basis.

This, however, is not the end of the story as far as Pavone's standing is concerned. Standing ultimately requires a litigant to "*prove* that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691-92 (7th Cir. 2015) (emphasis added) (citing *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013)). Mancini has asserted not a facial challenge to Pavone's standing, but rather a factual challenge, which requires the Court to assess, and ultimately determine, whether Pavone has demonstrated standing by a

preponderance of the evidence. *See Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (explaining the nature of a factual challenge to standing); *Kathrein v. City of Evanston*, 636 F.3d 906, 914 (7th Cir. 2011) (preponderance of evidence standard). In some situations, this may require an evidentiary hearing, *see Apex Dig.*, 572 F.3d at 444-45, and this is such a case. In the Court's previous ruling, it narrowed Pavone's DPPA claim to the obtaining and use of his driver's license number, because he failed to offer any evidence that Mancini knew the other personal information Pavone cited (address, date of birth, etc.) came from a motor vehicle record. *See Pavone*, 2016 WL 4678311, at *6. The evidence offered on the question of standing—specifically, Pavone's deposition—was elicited before the Court narrowed Pavone's claim, and thus unsurprisingly the questions posed to Pavone by Mancini's lawyer lumped together all of the information that Pavone's case was based upon at the time. In other words, Pavone's contentions regarding the injury he suffered do not parse out the obtaining and use of his driver's license number, as distinguished from the other information he cited. His testimony is sufficient to get him over the summary judgment hurdle, but the Court will have to assess the matter at an evidentiary hearing prior to trial in order to make a final determination of the standing issue.

**Conclusion**

For the reasons stated above, the Court concludes that defendant is not entitled to summary judgment on the issue of plaintiff's standing to sue but will set the matter for an evidentiary hearing so that the Court can hear and weigh the evidence regarding standing and make a final determination. The case is set for a status hearing on

5

January 5, 2017 at 9:30 a.m. for the purpose of setting a date for the evidentiary hearing.

```
                                    _____
                                        MATTHEW F. KENNELLY
                                        United States District Judge
```

Date: December 28, 2016